UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:26-cv-00469
*Electronically Filed*

MICHAEL F. ELLIOTT                                                                        PLAINTIFF

vs.

OFFICER CALEB BERGQUIST, et al.                                              DEFENDANTS

---

**DEFENDANT BERGQUIST'S ANSWER TO THE PLAINTIFF'S COMPLAINT**

---

Comes the Defendant, Officer Caleb Bergquist, by counsel, and for his Answer to the Plaintiff's Complaint states as follows:

1.     The Plaintiff's Complaint fails to state a cause of action against the Defendant upon which relief can be granted.

2.     Each and every allegation contained in Plaintiff's Complaint that is not specifically admitted is hereby denied.

3.     The Defendant is without sufficient knowledge at this time to admit or deny the allegations in Paragraphs 1, 3, 4, 5, 18, 19, 24, 25, 27, 28, 29, 30, 31, 33, 34, 48, 49, 51, 52, and 55 of Plaintiff's Complaint, and therefore deny same at this time.

4.     The Defendant admits the averments contained in paragraph 2 of the Plaintiff's Complaint.

5.     Regarding Paragraphs 6, 10, 53, 65, 73, 81, 82, 89, 98, 103, 108, 114, 120, 131, and 136 of the Plaintiff's Complaint, those Paragraphs merely incorporate paragraphs that came before,

and therefore do not require a separate response. To the extent that a response is required, the Defendants incorporate all of their corresponding responses and affirmative defenses stated herein.

6.      Paragraphs 7, 8, and 9 of the Plaintiff's Complaint contain legal conclusions which do not require a response from the Defendant. To the extent a response is required, the Defendant denies said paragraphs, specifically including any inference of wrongdoing by the Defendant.

7.      All allegations and averments contained in paragraphs 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, 23, 26, 32, 35, 36, 37, 38, 47, 50, 56, 57, 58, 59, 60, 61, 62, 63, 64, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78 79, 80, 83, 84, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 96, 97, 99, 100, 101, 102, 104, 105, 106, 107, 109, 110, 111, 112, 113, 116, 117, 118, 119, 122, 123, 124, 125, 128, 129, 130, 132, 133, 134, 135, 137, 138, and 139 of the Plaintiff's Complaint are denied.

8.      Paragraphs 39, 40, 41, 42, 43, 44, 45, and 46 of the Plaintiff's Complaint cite LMPD Policies and Procedures, and do not require a response. To the extent a response is required, the accuracy and completeness of those policies and procedures has not been independently verified by counsel in drafting this answer. The Defendant specifically denies any violation of policy during his interaction with the Plaintiff.

9.      Paragraphs 54, 66, 115, 121, 126, and 127 of the Plaintiff's Complaint states a legal conclusion and/or recitation of legal standards which does not require a response. The Court will set all applicable duties, standards, and requirements in accordance with applicable law. To the extent further response is required, the Defendant denies the Plaintiff's recitation of legal standards and any claims or implications of wrongdoing by the Defendant herein.

10.     The Plaintiff's claimed injuries or damages, if any, were caused in whole or in part by the acts or omissions of the Plaintiff, including the affirmative actions but for which said injuries or damages, if any, would not have occurred.

2

11.    The Plaintiff's injuries or damages, if any, may have been caused or contributed to by intervening or superseding causes outside the control of the Defendant.

12.    The injuries and/or damages complained of by the Plaintiff, if any, may have been the result of acts or omissions by third parties not within the control or supervision of the Defendant. The fault of such other parties should be apportioned at trial.

13.    The Defendant states that at all times relevant, his actions were reasonable, in good faith, without malice, within the scope of his duties, performed in execution of public duty and/or responsibility, authorized by law, legal, and/or protected by the special relationship doctrine, and plead and rely upon the same as a complete bar to all claims against them.

14.    The Defendant affirmatively pleads all defenses and privileges contained in KRS §431.005, 431.025, 431.045, 431.055, KRS §503.010 – 503.120, 503.050, 503.055 and KRS §65.200 – 65.2006, and assert such as a complete bar to all claims alleged against the Defendant by the Plaintiff herein.

15.    The Defendant plead the existence of probable cause as an affirmative defense to the Plaintiff's Complaint.

16.    The Defendant pleads justification, self-defense, and defense of others as an affirmative defense to the Plaintiff's Complaint.

17.    The Defendant states that at the time and place upon the occasion complained of in the Plaintiff's Complaint, the Defendants followed all federal, state and local statutes, ordinances, regulations, policies and requirements of law and plead and rely upon the same as a complete bar to the claims of the Plaintiff herein.

18.    These Defendant pleads any and all applicable constitutional, statutory, and common law immunities, privileges, defenses and protections afforded by the United States

Constitution, the First Amendment, the Eleventh Amendment, the Kentucky Constitution, Kentucky statutes or Kentucky common law as affirmative defenses to Plaintiff's Complaint.

19. The Defendant states that the Plaintiff's claims are barred in whole or in part by the doctrines of absolute immunity, sovereign immunity, governmental immunity, official immunity, qualified official immunity, the Claims Against Local Governments Act (CALGA), KRS 65 et. seq, and the common law.

20. The Defendant pleads the terms, provisions, and defenses of all relevant documents, policies, codes, ordinances, statutes, general orders, etc., promulgated by Louisville Metro Government or the Commonwealth of Kentucky as affirmative defenses to Plaintiff's Complaint.

21. The Defendant states that his conduct does not rise to the level necessary to entitle the Plaintiff to an award of punitive damages and plead and rely upon the same as a complete bar to the claim for punitive damages.

22. The Plaintiff's claim for punitive damages is barred by applicable state and federal law, due process, substantive rights, public policy, and the constitutions of Kentucky and the United States of America.

23. The Plaintiff's claim for punitive damages requires bifurcation of any trial and the Defendant affirmatively pleads and demands such bifurcation.

24. To the extent that any and/or all of Plaintiff's claimed damages have been and/or will be "written down" and "written off," the Defendant hereby pleads the defenses of credit, set-off and/or that the Plaintiff is not the real party in interest regarding those claims.

25. The Defendant affirmatively pleads failure to mitigate alleged damages, estoppel, consent, waiver, provocation, justification, assumption of the risk, lack of standing, and failure to join a party needed for just adjudication under CR 19.

26.     Because investigation and discovery concerning the allegations contained in the Complaint is not complete at this time, the Defendant may have defenses which are not presently known.  Therefore, in order to preserve any such defenses, the Defendant reserves the right to amend his Answer to the Complaint, if necessary, to raise any additional defenses which may be, or hereafter become, available to it during the course of this action, and herein incorporates by reference all appropriate defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

27.     The Defendants reserve the right to amend this responsive pleading to include additional affirmative defenses which further discovery may reveal.

WHEREFORE, the Defendant, Officer Caleb Bergquist, respectfully demands as follows:

1. That the Complaint against him be dismissed, with prejudice;

2. For his costs herein expended, including reasonable attorneys fees;

3. Trial by jury; and

4. For any and all other relief to which he may appear entitled.


Respectfully submitted,

/s/ *Matthew A. Piekarski*
Matthew A. Piekarski
PHILLIPS PARKER ORBERSON & ARNETT, PLC
716 West Main Street, Suite 300
Louisville, Kentucky 40202
mpiekarski@ppoalaw.com
Telephone: (502) 583-9900
*Counsel for Defendant Officer Caleb Bergquist*

5

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of July, 2026, a copy of the foregoing was filed electronically with the Federal ECF system. It is further certified that a copy was served via electronic mail to:

Zack McKee
McKee Law Office
908 Minoma Avenue
Louisville, KY 40217
mckeeslaw@gmail.com
*Counsel for the Plaintiff*

Brendan R. Daugherty
Samantha Bevins
Assistant Jefferson County Attorneys
First Trust Centre
200 S. Fifth St., Ste. 300N
Louisville, Kentucky 40202
(502) 574-6333
brendan.daugherty@louisvilleky.gov
samantha.bevins@louisvilleky.gov
*COUNSEL FOR PEARSON, LMPD, AND METRO*

/s/ *Matthew A. Piekarski*
Matthew A. Piekarski

6