UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:26-cv-00469
*Electronically Filed*

MICHAEL F. ELLIOTT PLAINTIFF

vs.

OFFICER CALEB BERGQUIST, et al. DEFENDANTS

---

**DEFENDANT BERGQUIST'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL**

---

The Plaintiff states he has no objection to dismissal of his Fourteenth Amendment claims and to dismissal of any claim for official misconduct under KRS 522.030. The remaining dispute concerns whether Plaintiff's official-capacity claims against Bergquist should be dismissed as duplicative of the municipal claim against Louisville/Jefferson County Metro Government. They should. These claims are barred under well-established Kentucky and Federal law and are consistently dismissed on motion of defendants at the outset of the suit. Accordingly, the Court should grant Bergquist's motion for partial dismissal in full.

**I. The Court should dismiss the official-capacity claims against Bergquist as duplicative.**

The Plaintiff's opposition to the dismissal of his official capacity claims against Defendant Bergquist is non-sensical, illogical, and (giving the Plaintiff the benefit of the doubt) based on a clear misreading of the Plaintiff's included block quote from *Scott v. Louisville/Jefferson County Metropolitan Government*, 503 F.Supp.3d 532, 541 (W.D. Ky 2020). More importantly, dismissal of the official capacity claims against individuals where the government entity is also named is established precedent in the Western District of Kentucky.

As quoted by the Plaintiff and directly from *Scott* "this Court 'finds that dismissal of official-capacity claims is permitted and judicious when the reasonable entity is also named as a defendant in the case.' Therefore, since Louisville Metro is named as a defendant in this case, the Court will dismiss Plaintiffs' official capacity claims against Fischer, Schroeder, and Chavous." S*cott*, 503 F.Supp.3d at 541–42 (internal citation omitted). The only issue the Court needs to determine is whether the government entity received notice and an opportunity to respond. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") Here, Louisville Metro is a party to the litigation, received notice, and has responded. Therefore, all official capacity claims against individual defendants, including Officer Bergquist, must be dismissed.

To expand, *Scott* reaffirms the practice, custom, and precedent in the U.S. District Courts in Kentucky of dismissing official capacity claims against individual defendants in all cases in which the government entity is named and has received notice. *Scott* clearly holds that the dismissal of official capacity claims against individuals is controlling precedent in this Court **regardless of the viability of the *Monell* claims against the government entity**. "[I]f the claim against the municipality fails, then the official capacity claims must also fail. *Baar* does not say that this is the only situation in which dismissal of official capacity claims is proper." S*cott*, 503 F.Supp.3d at 541. "In the Eastern and Western Districts of Kentucky…the judges have adopted the practical approach of dismissing the official capacity claims." *Id.* citing *Baar v. Jefferson Cty. Bd. of Educ.*, 686 F. Supp. 2d 699, 704 (W.D. Ky. 2010); *Thorpe v. Breathitt Cty. Bd. of Educ.*, 932 F. Supp. 2d 799, 802 (E.D. Ky. 2013); *Owens v. Trulock*, No. 1:18-CV-00167, 2020 WL 376658, at *2, 2020 U.S. Dist. LEXIS 11343, at *6 (W.D. Ky. Jan. 23, 2020); *see also*, *Anderson*

*v. Farmer*, 2026 WL 1664100, at *7 (W.D.Ky., 2026); *Fentress v. City of Leitchfield*, 2025 WL 1532584, at *3 (W.D.Ky., 2025); *Snider v. City of Lyndon*, 2024 WL 3165322, at *3 (W.D.Ky., 2024); *Weaver v. Louisville-Jefferson Cnty. Metro Government*, 2024 WL 2819556, at *4 (W.D.Ky., 2024); *Clark v. Louisville-Jefferson Cnty. Metro Government, Kentucky*, 2024 WL 56938, at fn. 24, *22 (W.D.Ky., 2024); *Conaway v. Louisville/Jefferson Cnty. Metro Government*, 2022 WL 22969355, at *6 (W.D.Ky., 2022). Frankly, the only reason there is not more precedent supporting this position is because these claims are not made and/or this argument is routinely conceded by plaintiffs. *See Lang v. Louisville Metro Govt*., 2024 WL 3378951, at *3 (W.D.Ky., 2024); *Albert v. Unknown Individual Louisville Metro Police Officers*, 2021 WL 1427338, at *4 (W.D.Ky., 2021); *Trabue v. Louisville/Jefferson Cnty. Metro Government*, 2024 WL 5056640, at *2 (W.D.Ky., 2024); *Harrison v. Ellison*, 2023 WL 4141050, at *11 (W.D.Ky., 2023).

The Plaintiff appears to argue that, if his *Monell* claim is dismissed, the official capacity claims would no longer be duplicative. Respectfully, that argument is illogical. That argument is also directly rebutted by *Scott* and *Baar*. In short, there are two scenarios: (1) the Plaintiff's *Monell* claim is viable against the City; and therefore, the official capacity claims are barred as duplicative (the Plaintiff appears to agree to that position); or (2) the Plaintiff's *Monell* claim is barred/insufficiently plead; and therefore, the those claims fail in their entirety against all Defendants – including against Defendant Bergquist. It appears the Plaintiff does not agree with this latter scenario. But a claim insufficiently pled and/or barred cannot logically be asserted against anyone. The quote from *Scott* above (and cited by the Plaintiff) recognizes this axiom: "if the claim against the municipality fails, then the official capacity claims must also fail." *Scott*, 503 F.Supp.3d at 541.

The prevailing practice in this District is to dismiss duplicative official-capacity claims where the entity is in the case. *Scott*, 503 F. Supp. 3d at 541. Because Louisville/Jefferson County Metro Government is a named defendant in this action, has received notice, and has responded, the official-capacity claims against Officer Bergquist are wholly redundant and must be dismissed pursuant to controlling authority. The viability of the *Monell* claim has no bearing on the determination of this issue. The proper defendant for municipal liability is Metro, not Bergquist in his official capacity. Therefore, the official-capacity claim against Officer Bergquist should now be dismissed.

**II. Plaintiff concedes dismissal of all Claims against Defendant Bergquist under the Fourteenth Amendment and KRS 5222.030.**

Plaintiff has no objection to dismissal of his Fourteenth Amendment claims for unlawful stop, search, seizure, arrest, and excessive force against Defendant Bergquist. [*See Pl.'s Resp. to Def.'s Mot. for Partial Dismissal*, DN. 10, at Page ID #110]. Bergquist's motion showed those theories are not cognizable where the Fourth Amendment provides the specific standard. The Court should dismiss the Fourteenth Amendment claims with prejudice.

**III. Plaintiff concedes dismissal of any "official misconduct" claim under KRS 522.030.**

Plaintiff also states that he has no objection to the dismissal of any claims of official misconduct under KRS 522.030 against Bergquist. *Id*. Bergquist's motion demonstrated that KRS 522.030 is a criminal statute that does not create a civil cause of action. Therefore, Dismissal with prejudice is appropriate.

**<u>CONCLUSION</u>**

Plaintiff's official-capacity claims against Defendant Bergquist are clearly barred by applicable law; and therefore, fail to state a claim upon which relief can be granted. Accordingly, those claims should be dismissed with prejudice pursuant to FRCP 12(b)(6). The Plaintiff

concedes/does not object to the appropriate dismissal of the Plaintiff's Fourteenth Amendment claims and claim for official misconduct pursuant to KRS 522.030; and those claims should also now be dismissed.

Respectfully submitted,

/s/ *Matthew A. Piekarski*
Matthew A. Piekarski
PHILLIPS PARKER ORBERSON & ARNETT, PLC
716 West Main Street, Suite 300
Louisville, Kentucky 40202
mpiekarski@ppoalaw.com
Telephone: (502) 583-9900
*Counsel for Defendant Officer Caleb Bergquist*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically send copies to all attorneys of record.

*/s/ Matthew A. Piekarski*
Matthew A. Piekarski